FILED
United States Court of Appeals
Tenth Circuit

October 21, 2024

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

JEFFREY LITTLE, individually and on behalf of all similarly situated persons,

    Plaintiff - Appellee,

v.

WENDY'S INTERNATIONAL, LLC,

    Defendant - Appellant.

No. 24-1232
(D.C. No. 1:23-CV-03056-MEH)
(D. Colo.)

---

**ORDER**

---

Before **HOLMES**, Chief Judge, **MATHESON**, and **McHUGH**, Circuit Judges.

---

This matter is before the court on the parties' *Joint Motion to Direct Limited Remand to the District Court to Conduct Settlement Approval Proceedings Pursuant to Fed. R. Civ. P. 23(e) and Stay of Mandate*. The parties advise this court that they have agreed to a class action settlement that resolves all claims in this action. They ask us to stay our mandate and order a limited remand so that the district court may consider approval of their class settlement agreement.

The district court previously remanded this action to state court after determining that Defendant Wendy's International, LLC (Wendy's) had filed an untimely notice of removal to federal court under the Class Action Fairness Act (CAFA). *See* 28 U.S.C. §§ 1332(d), 1453(b), 1446. We granted Wendy's motion for permission to appeal the

remand order. *See id.* § 1453(c)(1). The parties thereafter advised us that they were working on finalizing a settlement of the action, and they requested two extensions of the statutory 60-day deadline for entering judgment in this matter, *see id.* § 1453(c)(2), (3), which we granted. On October 10, 2024, the last day of the extended deadline, having received no further filing from the parties, we entered an order and judgment affirming the district court's order remanding the action to state court.

Four days later, the parties filed the current motion. This motion presents threshold jurisdictional concerns. The basic problem is whether, given that our order and judgment has now affirmed the district court's remand to state court, the district court still has jurisdiction to approve the proposed settlement agreement. The parties argue it does, and we agree.

First, although the district court correctly determined the notice of removal was untimely, that determination did not divest the district court of *jurisdiction* to conduct further proceedings. The parties contend that an untimely notice of removal is not a jurisdictional defect but is subject to waiver. We agree. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751-52 (11th Cir. 2010) (stating timely removal in a CAFA case is "not a jurisdictional issue" but is a procedural defect that is "merely modal and formal" (internal quotation marks omitted)). The parties further state the plaintiff has agreed to waive untimeliness in order to facilitate the district court's approval of the settlement. We therefore conclude the untimely notice of removal does not pose a jurisdictional barrier to settlement proceedings in district court.

Second, we must consider whether our order and judgment affirming the remand to state court strips the district court of jurisdiction to conduct further proceedings. We conclude it does not, provided we take appropriate action to forestall the implementation of our decision. To this end, the parties argue we should exercise our inherent authority to stay our mandate pending the resolution of district court proceedings.[1] The panel has determined it is appropriate to stay the mandate under the circumstances.[2]

Accordingly, the motion for limited remand and stay of mandate is granted. The mandate is stayed, and this appeal is abated pending further order of the court. We direct a limited remand to the district court to conduct any and all proceedings necessary to consider whether to approve the parties' proposed settlement agreement.

Finally, we construe the parties' present motion to include a request for an extension of our decisional deadline through the completion of the remand proceedings in district court and any proceedings in this court following the remand that are necessary to

---

[1] We may shorten or extend the time for issuance of our mandate by order, *see* Fed. R. App. P. 41(b), and have inherent authority to stay our mandate, *see, e.g.*, *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1529-30 (9th Cir. 1989) (discussing appellate court's inherent authority to recall or stay its mandate); *cf. United States v. Washington*, 759 F.3d 1175, n.10 (10th Cir. 2014) (recognizing this court's inherent authority to recall its mandate).

[2] The parties have not raised an objection to the disposition in our order and judgment, and we do not withdraw it at this time. Further action by this court concerning the order and judgment will depend on the district court proceedings on limited remand and will be addressed when our abatement is lifted.

complete "all action" on this appeal. 28 U.S.C. § 1453(c)(2).[3] We grant that request *nunc pro tunc* to October 10, 2024.

On or before November 20, 2024, and every 30 days thereafter, the parties must file a joint written status report of the district court proceedings. If the settlement proceedings conclude before that date the parties must advise this court immediately.

                                                  Entered for the Court

                                                  CHRISTOPHER M. WOLPERT, Clerk

---

[3] The CAFA requires us to "complete all action on such appeal, including rendering judgment," within the 60-day deadline and any extensions granted thereto. 28 U.S.C. § 1453(c)(2). The entry of our order and judgment on October 10, 2024, satisfied the requirement of "rendering judgment" by the deadline. But it is unclear whether the statutory requirement to complete "all action" permits us to entertain this post-judgment motion and (more importantly) to conduct any further proceedings concerning this CAFA-related appeal that may be required after the district court's actions on limited remand. Section 1453(c)(2) is silent about post-judgment motions, and we have found no authority addressing that issue. One possible reading of § 1453(c)(2) is that "all action" is complete and the deadline loses any relevance once judgment has been rendered. But we need not conclusively resolve that question. That is because broad language in the statute provides the relevant period may be extended "for any period of time" if the parties agree, *id.* § 1453(c)(3)(A). To the extent required, we therefore construe the parties' present motion to include a request for an extension of our decisional deadline as noted, and we grant the request.